[No. 18969. Department Two.  March 4, 1925.]

## A. V. WILLIAMS, *Appellant*, v. JOHN THOMAS THOMSON, *Respondent*.[1]

MUNICIPAL CORPORATIONS (380, 389)—USE OF STREETS—AUTOMOBILES—VIOLATION OF ORDINANCE—EVIDENCE—SUFFICIENCY. Actionable negligence is established by proof that the defendant turned his automobile in the center of a block in front of an approaching automobile, without giving any warning of his intention and without the least observation of the approaching car.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered June 24, 1924, upon findings in favor of the defendant, dismissing an action for damages sustained in an automobile collision, tried to the court. Reversed.

[1]Reported in 233 Pac. 305.

*Poe, Falknor, Falknor & Emory,* for appellant.

*Farrell, Meier & Hess,* for respondent.

MACKINTOSH, J.—This is an action begun by the plaintiff to recover for injuries to himself and to his automobile occasioned by the collision with the automobile of the respondent, who, in turn, has counterclaimed for damages done to his car. The case was tried to the court without a jury, and resulted in the dismissal of both the complaint and the cross-complaint, from which judgment the plaintiff appeals.

The statement of facts forces us to the conclusion that the preponderance of the evidence is against the finding of the trial court. It clearly appears that the respondent turned his automobile in the center of a block in front of the approaching automobile of the appellant, without giving any warning of his intention to make the turn and without taking the least observation to determine whether any car was approaching him. These facts (which are not denied by the respondent) clearly establish his negligence, and we find nothing in the testimony indicative of any contributory negligence on the part of appellant. He was driving his car at a lawful rate of speed in a place where he had a right to drive it, and with no intimation that the respondent was going to violate the rules of the road by turning directly in front of him without warning.

Under such circumstances the appellant is entitled to recover. His damages amount to $300, for which judgment will be entered. Reversed.

TOLMAN, C. J., HOLCOMB, MITCHELL, and FULLERTON, JJ., concur.